## MOSES GUILD *vs.* CURTIS GUILD.

The costs for which a subsequent attaching creditor is liable, under the Rev. Sts. *c.* 90, § 90, on failing to support his petition to vacate a prior attachment, are such only as cannot be taxed against the defendant in the suit : But he is liable for fees of witnesses summoned by the plaintiff on the trial of such petition, and for an attorney fee, and also, it seems, for the travel and attendance of the plaintiff, after the defendant is defaulted, and while the petition is pending.

Counsel fees paid by the plaintiff in defending against such petition, are not chargeable, either as costs or damages, against such subsequent attaching creditor.

Where the *ad damnum* in the plaintiff's writ is not large enough to include in his judgment the interest, that accrues on his demand during the pendency of a petition to vacate his attachment, though it is large enough to include the interest that had accrued when judgment would have been rendered, if the petition had not been interposed ; the subsequent attaching creditor, who files such petition and fails to support it, is not liable to pay to the plaintiff, as *damages*, such accruing interest, if the defendant, after the petition was filed, delayed the judgment by his appearance and pleading.

ASSUMPSIT on a promissory note given by the defendant to the plaintiff. The action was commenced at the April term, 1837, of the court of common pleas, and the defendant was then defaulted. After the default, the Mechanics' Bank were

allowed, on their petition for that purpose, to appear and contest the validity of the plaintiff's attachment, under the Rev. Sts c. 90. At the October term, 1837, of said court, a trial was had on said petition, and a verdict was returned in favor of the petitioners. The defendant thereupon appeared by attorney, and the court, on his motion, ordered the default, entered at the April term, to be stricken off. The action was then brought up to this court by demurrer, (the petitioners not consenting,) and a trial was had, at the March term, 1838, on the petition of said bank, and a verdict found in favor of the plaintiff. The defendant was defaulted, on the next day after the said trial, and the petition aforesaid was dismissed.

The *ad damnum* in the plaintiff's writ was $ 7000 ; and execution issued for that amount and costs, taxed at $ 91·44, and was satisfied. If interest had been included, the judgment would have amounted to more than $ 7000 ; and property, sufficient to satisfy such judgment, was attached on the original writ.

The plaintiff demanded costs and damages of the Mechanics' Bank, under the Rev. Sts. c. 90, § 90, and stated his claims in three items, viz. 1st. The usual costs for travel, attendance, &c. in full, as if there had been no other party besides said bank : 2d. Counsel fees ; and 3d, the interest, which accrued on his demand against said defendant after the filing of the petition by the bank, and which could not be included in the judgment.

*D. A. Simmons*, for the plaintiff, argued that counsel fees were included in the term " damages," as the petitioners' proceedings obliged him to employ counsel. The statute expressly authorizes the court to award damages, and the court will not be guided by the general rules applied in probate and admiralty cases.

The interest would not have been lost, if the petitioners had not interposed. The *ad damnum* was sufficient to cover the interest to the time when judgment would have been rendered, if no delay had occurred. As the event proves that this delay, caused by the petitioners, was not for just cause, they should be held to make good the plaintiff's loss thereby occasioned.

*Robins,* for the Mechanics' Bank. No items of cost are tax-able, except those which were not taxed against the defendant. *Whitwell* v. *Burnside,* 1 Met. 43. Counsel fees cannot, by the statute, be allowed *eo nomine,* nor are they comprehended in the term " damages." *Arcambel* v. *Wiseman,* 3 Dall. 306. Nor can the lost interest be recovered as damages. It was the plain-tiff's own fault that his *ad damnum* was too small to warrant a judgment including interest. *Smith* v. *Smith,* 2 Pick. 621.

The Rev. Sts. *c.* 90, § 90, did not intend to give the plain tiff a perfect indemnity, or to provide for remote, contingent and indirect damages, caused by the law's delay. The damages are to be such as the court " shall judge reasonable ;" and the court will determine each case according to its circumstances, and the decisions in analogous cases. Where the interposing party has reasonable grounds for his proceedings, he will not be mulcted. *Swan* v. *Picquet,* 4 Pick. 465. *Stearns* v. *Brown,* 1 Pick. 530. *Ware* v. *Ware,* 8 Greenl. 60. 4 Bridgm. Eq. Dig. 161, 162. *The Liverpool Packet,* 1 Gallis. 527. *Canter* v. *American & Ocean Ins. Companies,* 3 Pet. 312.

DEWEY, J. The Mechanics' Bank, as subsequent attaching creditor of the same estate attached by the plaintiff, under the pro-visions of the Rev. Sts. *c.* 90, §§ 83 – 85, filed a petition seeking to vacate the prior attachment of the plaintiff, upon the ground that the sum demanded in his writ was not justly due and paya-ble when the action was instituted. This petition, upon the final hearing in this court, was not sustained, and resulted in a judg-ment maintaining the validity of the plaintiff's attachment. The plaintiff, as the prevailing party on the trial had upon this peti-tion, asks the court to award in his favor certain costs and dam-ages against the petitioners.

The Rev. Sts. *c.* 90, § 90, enact that " the court may, upon every such inquiry, award to either party such costs, as they shall think just and reasonable ; and if the prior attachment is maintained, they may award to the attaching creditor such dam-ages as they shall judge reasonable." Under this provision, the plaintiff asks an allowance of the usual taxable bill of cost, as taxed in ordinary civil actions ; an allowance for his expenditure

for counsel fees ; and also for the interest accruing on his demand against the debtor, after the filing of the petition.

No objection is taken to so much of the costs as relates to the fees for the witnesses introduced by the plaintiff on the hearing of the petition ; but it is insisted that the plaintiff should not be allowed to tax his travel and attendance against the petitioners, during the pendency of the petition, inasmuch as he has received the proper allowance for those items, in his taxation of costs against the defendant in the principal action. And it seems to us, that the plaintiff should not tax his travel and attendance, both in the principal suit, and also in the petition for a dissolution of the attachment. If the suit, in which the attachment was made, had been ended by default of the defendant, and no further attendance had been requisite on the part of the plaintiff, in the prosecution of it, in reference to the original parties to it, it would seem reasonable, in such case, that no cost should be taxed against the defendant, after the default, but that all subsequent cost, that accrued in defending against the petition to vacate the attachment, should be taxed in favor of the plaintiff, if he is the prevailing party on that issue, against the petitioning creditor. But where the action is not defaulted, so long as the same is kept open by the defendant, the plaintiff is entitled to tax his travel and attendance, in the action against the defendant ; and in such case he is not authorized to tax the same travel and attendance, a second time, against a subsequent attaching creditor who has failed to sustain his petition to vacate the attachment. This rule will, we think, do justice to all parties, and may be properly adopted in such cases.

It appearing that in the present case, although a default was at one period entered upon the docket, it was, on motion of the defendant, subsequently taken off, and the case brought by the defendant, by appeal, to this court, and here continued open until after the final disposition of the question raised on the petition of the subsequent attaching creditor, the costs for travel and attendance were properly taxed against the principal defendant ; and having been thus taxed and paid by him, they should not be again recovered against the subsequent attaching creditor.

The plaintiff further contends that he should be allowed to recover of the subsequent attaching creditors the amount of his expenditures for counsel fees, in defending the petition filed by them. This, we think, cannot be allowed. It cannot be allowed under the authority to award costs, as the term " costs," used in the statute, undoubtedly means taxable costs as ordinarily taxed ; which, under our system, excludes all charges for counsel fees, except in the cases where specially given by statute ; as in the case of one adjudged a trustee in the process of attachment of goods and effects in the hands of another, where counsel fees may, in the discretion of the court, be allowed. Nor can counsel fees be properly awarded as " damages," under the provisions of the statute. The damages contemplated by the statute were of a different nature from the ordinary expenditures incident to a trial at law. The expenditure for counsel fees is an item, that is ordinarily to be borne by the suitor, except so far as it may be remunerated by the taxable costs for the travel and attendance of the party, and the allowance of an attorney's fee. The claim of the plaintiff for reimbursement for expenditure for counsel fees is therefore inadmissible.

The further claim of the plaintiff is for an allowance for the amount of interest which accrued on the demand sued, from the time of filing the petition to the final disposition of the action. The amount of property attached in the suit was amply sufficient to have satisfied the debt and all interest accumulating during the pendency of the action ; and in such cases, it would ordinarily be most equitable that the accumulating interest should be a charge on the defendant, and make a part of the judgment entered up against him. But without deciding any general principle applicable to other circumstances, it seems to us very clear, that in the present case, the accumulating interest should be a charge solely on the debtor ; inasmuch as he appeared in the suit, and upon his appearance, and the pleadings filed by him, the case was brought by appeal to this court. But for his appearance and the plea filed by him, this case would not have been removed from the court of common pleas. The defendant having appeared, and caused the default, which was originally entered, to be taken

off, and the case to. be brought by appeal to this court, it seems to us that the accumulating interest should not be allowed against the petitioners, but if recoverable at all, should be so as against the debtor.

But it is said by the plaintiff, that he was unable to take his judgment for the accumulating interest, because the *ad damnum* in his writ was not large enough to include his debt and the additional interest that accrued after the filing of the petition. We do not think that this circumstance should charge the loss upon the petitioners, under the circumstances that have been already mentioned. The action was in fact, for the most part, delayed by the appearance and pleading of the defendant. Having been thus delayed, and the interest being properly chargeable to the debtor, if by reason of the smallness of the damages demanded in the writ of the plaintiff, he was unable to include in his judgment the interest accruing pending his action, it is a loss which ne must sustain.

The result will therefore be, that the plaintiff will be entitled to recover of the subsequent attaching creditors, who filed the petition to vacate the attachment, the costs of witnesses' fees on the petition, and to this, we think, may properly be added the usual allowance for an attorney's fee.